```
              IN THE UNITED STATES DISTRICT COURT FOR
              THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                    *

DEUTSCHE BANK NATIONAL TRUST       *
COMPANY, TRUSTEE,
                                    *
     Plaintiff,
                                    *
          v.                           CIVIL NO.: WDQ-07-3436
                                    *
FRANCES BROWN, et al.,
                                    *
     Defendants.
                                    *


*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Deutsche Bank National Trust Company, Trustee ("Deutsche Bank") sued Frances Brown and Syed Farhat seeking equitable subrogation, a constructive trust, a declaratory judgment, and claiming unjust enrichment.  Pending is Deutsche Bank's motion for summary judgment.  For the following reasons, the motion will be granted.

I.  Background

Brown owned real property in Baltimore, Maryland subject to a mortgage held by CitiFinancial Mortgage Company ("CitiFinancial").  Compl. ¶ 1.  From April 2003 to September 2005, Brown filed for bankruptcy three times after CitiFinancial had brought foreclosure actions on the property because Brown was delinquent in her payments.  Pl. Mot. at 2-3.

On September 19, 2006, to avoid foreclosure, Brown sold the

property to Farhat.   Compl. ¶ 7; Pl. Opp. at 3.   New Century
Mortgage Corporation ("New Century") financed the sale through a
$202,500 purchase money loan, which was secured by a deed of
trust on the property.   Compl. ¶ 8; Pl. Mot. at 3.   At closing,
New Century paid off Brown's $126,455 debt to CitiFinancial to
gain first lien priority.   Compl. ¶ 10; Pl. Mot. at 3.   Brown
also received $79,980.69 from the sale.   Pl. Mot. at 3.

New Century assigned the deed of trust to Deutsche Bank.
Compl. ¶ 11.   On July 6, 2007, Deutsche Bank commenced
foreclosure proceedings on the property because Farhat had
defaulted on the purchase money loan.   *Id.* ¶ 13.

Brown has continued residing in the property.   *Id.* ¶ 16.
Deutsche Bank has been unable to foreclose because Brown has
alleged that Farhat obtained the title by fraud.   *Id.* ¶¶ 14-15.

On December 26, 2007, Deutsche Bank filed this suit.   On
July 23, 2008, the Clerk entered a default against Farhat.   On
December 29, 2008, Deutsche Bank moved for summary judgment.
Brown did not oppose Deutsche Bank's motion; on February 13,
2009, the Court notified her that it would appoint counsel upon
her request.   Paper No. 18.   Brown did not respond.

II.  Analysis

A.   Standard of Review

Rule 56(c) permits summary judgment when there is no genuine
issue of material fact, and the moving party is entitled to

2

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must view the facts and reasonable inferences therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). The opposing party, however, must produce evidence upon which a reasonable factfinder could rely. *Celotex*, 477 U.S. at 324. A mere "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

B. Validity of the Deed of Trust

Deutsche Bank argues that its deed of trust is valid because it was a *bona fide* purchaser. Pl. Mot. at 5. When "a deed is set aside for fraud, a mortgagee not a party to the fraud is entitled to the protection afforded a *bona fide* purchaser." *Silver v. Benson*, 227 Md. 553, 560, 177 A.2d 898, 902 (1962). "A mortgagee is treated as a purchaser, and whe[n] title is perfect on its face and no known circumstances exist to . . . put a purchaser on inquiry, one who buys bona fide and for value occupies one of the most highly favored positions in the law."

3

*Irvington Fed. Sav. & Loan Ass'n of Baltimore City v. West*, 194 Md. 211, 221, 71 A.2d 1, 5 (1950).[1]

If an individual obtains real property by fraud and executes a mortgage on that property, the mortgage is valid "in the absence of proof that the mortgagee[] had notice" of the fraud. *Wicklein v. Kidd*, 149 Md. 412, 421, 131 A.2d 780, 783 (1926).[2] A lender with a deed of trust in a property is "entitled to the protections available to *bona fide* purchasers for value, whe[n] such lenders were without notice of the mortgagor's fraudulent conduct." *Washington Mut. Bank v. Homan*, 186 Md. App. 372, 390, 974 A.2d 376 (Ct. Spec. App. 2009).

An individual is a *bona fide* purchaser if he (1) gave value for the property, (2) acted in good faith, and (3) did not have notice of "any infirmity in the title." *Id.* (*quoting People's Banking Co. v. Fidelity & Deposit Co.*, 165 Md. 657, 170 A. 544, 547 (1934)).

Lonna Cross--a senior manager at Saxon Mortgage Services, the servicer of the mortgage--declared that New Century did not know of Farhat's fraud. Lonna Cross Decl. ¶ 14, Dec. 18, 2008. Cross also declared that Deutsche Bank was not aware of the fraud

---

[1] *See also Maryland Law Encyclopedia*, Mortgages § 72.

[2] "Fraud . . . perpetrated by a third person without the instigation, procurement, knowledge, or consent of the mortgagee, will generally not affect the mortgage or prejudice his security." *Wicklein*, 149 Md. at 421, 131 A.2d at 783.

when it acquired the loan from New Century.  *Id.* ¶ 15.  Darrell
Longest, owner of Peerless Title and Escrow, Inc.--the settlement
company that conducted the sale to Farhat--declared that the
transaction "appeared to be entirely proper," and there "was
nothing about th[e] transaction that would have indicated to New
Century that there was any fraud."  Darrell L. Longest, Decl. ¶
13, Dec. 23, 2008.

   Brown has not provided contrary evidence.  Accordingly,
Deutsche Bank was a *bona fide* purchaser, and the deed of trust is
valid.[3]

---

[3] The Court of Special Appeals recently decided a similar
case.  In *Julian v. Buonassissi*, the trustees of a deed of trust
brought a foreclosure action against LaShawn Wilson.  183 Md.
App. 678, 688, 963 A.2d 234, 240 (Ct. Spec. App. 2009).  Wilson
had purchased the property from Harriette Julian, who had sold it
to Wilson to avoid foreclosure.  Wilson purchased the property
through a loan from Wells Fargo, which was later assigned to U.S.
Bank.  *Id.*
   The trustees brought foreclosure because Wilson had
defaulted on the loan.  U.S. Bank purchased the property at
foreclosure sale, and Julian intervened alleging that the deed to
Wilson was void because she was defrauded as part of a "mortgage
foreclosure scam."  *Id.*
   The Court of Special Appeals noted that the title of a *bona
fide* purchaser, without notice of the fraud, "is not vitiated
even though a fraud was perpetrated by his vendor upon a prior
title holder."  *Id.* at 696, 963 A.2d at 245.  It reasoned that
fraud in the sale of real estate renders a contract voidable by
the injured party against the fraud perpetrator, but if the
property is sold to a *bona fide* purchaser the purchaser "takes an
indefeasible title."  *Id.*  It noted that the cases in which a
transaction has been deemed void as to a *bona fide* purchaser
involved a forged deed, which is void *ab initio*.  *Id.*
   The *Julian* court also noted that U.S. Bank, as a *bona fide*
assignee, had "the same protection as a *bona fide* assignor."  *Id.*
at 699, 963 A.2d at 247.

C.    Other Claims

Because the Court awarded summary judgment on Count I (*bona fide* purchaser), Deutsche Bank's remaining claims are unnecessary.[4]  Accordingly, the Court will not address those claims.

III. Conclusion

For the reasons stated above, Deutsche Bank's motion for summary judgment will be granted.


<u>August 24, 2009</u>                    <u>         /s/                  </u>
Date                               William D. Quarles, Jr.
                                   United States District Judge

---

[4] In an identical case filed by Deutsche Bank's counsel against Farhat and other defendants, Schreiber states that judgment on Count I renders the other claims unnecessary.  *Wells Fargo Bank, N.A., Trustee v. Henson, et al.*, WDQ-07-3435, Paper No. 34 at 7.  The same reasoning applies here.